UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MICHAEL CARROLL and JENNA CARROLL, | : : : |
| Plaintiffs, | : : |
| v. | :  File No. 1:08-CV-138 : |
| TROPICAL AQUACULTURE PRODUCTS, INC. and JOHN SCHRAMM, | : : : |
| Defendants. | : : |

RULING ON PLAINTIFFS' MOTION FOR A NEW TRIAL
(Paper 147)

Plaintiffs Michael and Jenna Carroll move for a new trial under Fed. R. Civ. P. 59(a). (Paper 147.) After hearing the testimony of witnesses and examining documentary evidence, the jury returned a verdict for Defendants Tropical Aquaculture Products, Inc. and John Schramm on Mr. Carroll's claims alleging violation of the Vermont Parental and Family Leave Act and intentional infliction of emotional distress (IIED) and Ms. Carroll's claim alleging loss of spousal consortium. Plaintiffs argue the jury reached a seriously erroneous result against the weight of the evidence. (Paper 147-2.) After consideration, the Carrolls' motion is denied.

Under Rule 59(a), the Court may order a new trial if it concludes the jury has reached a "seriously erroneous result" or that the verdict constitutes a "miscarriage of justice," i.e., the verdict must be "against the weight of the evidence." See Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (citation omitted). Vermont courts consider the evidence presented at the trial in the light most favorable to the jury

1

verdict.  Pirdair v. Med. Ctr. Hosp. of Vt., 800 A.2d 438, 442-43 (Vt. 2002) (citation omitted); Mathieu Enters., Inc. v. Patsy's Cos., No. 2008-157, 2009 WL 2401781 (Vt. June 19, 2009) (Vermont Constitution counsels deference to jury verdicts).  "Only after the evidence is so viewed, and the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of [] prejudice . . . can the court exercise its discretion to set aside the verdict."  Gregory v. Vt. Traveler, Inc., 435 A.2d 955, 956 (Vt. 1981) (internal quotation and citation omitted).

Plaintiffs argue they presented "overwhelming evidence" that Mr. Carroll was discharged and therefore the jury's finding that he quit led to a seriously erroneous verdict that was against the weight of the evidence.  (Paper 147-2 at 1.)  The jury's finding precluded a verdict for Mr. Carroll on his claims, and for Ms. Carroll on her claim because it was derivative of Mr. Carroll's IIED claim.  The Court finds a reasonable jury, in light of the evidence presented, could have found Mr. Carroll was not discharged.  See Paper 148.  Therefore, the jury's verdict was not seriously erroneous or against the weight of the evidence.  Plaintiffs have not met the high burden necessary to overrule the jury's verdict; consequently, Plaintiffs' Motion for a New Trial (Paper 147) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of October, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge